**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation, and COSTA DEL MAR, INC., a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROBIN CHEATWOOD, individually, and XTREME RECYCLING, LLC, d/b/a XTREME SALES, a Georgia limited liability company,<br><br>Defendants. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Luxottica Group S.p.A. ("Luxottica Group") and Costa Del Mar, Inc. ("Costa") (collectively, "Plaintiffs"), through their undersigned counsel, sue Defendants Robin Cheatwood, individually and d/b/a Xtreme Sales, and Xtreme Recycling, LLC (collectively, "Defendants"), and allege:

**NATURE OF ACTION**

1. This lawsuit arises from the theft of Plaintiffs' intellectual property by Defendants' promotion and sale of sunglasses bearing counterfeits of Plaintiffs' Ray-Ban and Costa fepderally registered trademarks (the "Counterfeit Merchandise"). Through this action, Plaintiffs seek to address Defendants'

counterfeiting activities, which are carried out through a chain of retail stores operated under the "Xtreme Sales" trade name, and to protect unknowing consumers from purchasing low-quality Counterfeit Merchandise.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act").

3. This Court has personal jurisdiction over Defendant Robin Cheatwood because he is domiciled in and a resident of the State of Georgia. This Court has personal jurisdiction over Defendant Xtreme Recycling, LLC because it is a Georgia limited liability company organized under the laws of the State of Georgia and its members are Georgia residents. In addition, Defendants have committed tortious acts within this State and this Judicial District, including the advertisement, offer for sale, and sale of Counterfeit Merchandise at Defendants' retail store located in Cedartown, Polk County, Georgia.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this District and all Defendants are residents of the State of Georgia, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District,

including Defendants' advertisement, offer for sale, and sale of Counterfeit Merchandise from their Cedartown, Georgia location.

## PARTIES

5. Plaintiff Luxottica Group S.p.A. is an Italian corporation with a principal place of business in Milan, Italy.

6. Plaintiff Costa Del Mar, Inc. is a corporation organized and existing under the laws of the State of Florida, having a principal place of business in Daytona Beach, Florida. Costa is an indirect, wholly owned subsidiary of FGX International, Inc.

7. Defendant Robin Cheatwood ("Cheatwood") is an individual who, upon information and belief, resides at 2308 Frettiesburg Road, Rockmart, Polk County, Georgia 30153. Cheatwood owns, operates, controls, and is the moving force behind a chain of retail stores operated under the "Xtreme Sales" tradename ("Xtreme Sales Stores"), and directly authorizes, directs, and participates in the infringing activities alleged herein.

8. Defendant Xtreme Recycling, LLC ("Xtreme Recycling") is, upon information and belief, a Georgia limited liability company owned and controlled by Cheatwood. Xtreme Recycling is the entity through which Cheatwood owns and/or operates one or more of the Xtreme Sales Stores.

## FACTUAL ALLEGATIONS

### A. The World-Famous Ray-Ban Brand and Products.

9. Luxottica Group is engaged in the manufacture, marketing, and sale of premium, luxury, and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli, and Arnette, among others.

10. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Georgia.

11. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

12. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Luxottica Group and have acquired strong secondary meaning.

13. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), among others, which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
| --- | --- | --- |
| 650,499 | Ray-Ban | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | Ray-Ban | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,726,955 | Ray-Ban | For: cloths for cleaning ophthalmic products in class 21. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | Ray-Ban | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 1,511,615 | LUXOTTICA | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |
| 1,320,460 | Ray-Ban | For: protective cases and covers in class 9. |

14. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks. These registrations are valid and subsisting, and the majority are incontestable.

15. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

16. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

17. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and have been continuously used in interstate commerce and never abandoned.

**B. The World-Famous Costa Brand and Products.**

18. The Costa eyewear brand was born in Daytona Beach, Florida in 1983.

19. Costa has continuously sold Costa branded products, including eyewear, apparel, and other related merchandise, through its authorized retailers and via its internet website, www.costadelmar.com, throughout the United States, including Georgia.

20. Costa has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Costa products, including but not limited to those detailed in this Complaint.

21. Costa has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Costa Trademarks (defined below). As a result, products bearing the Costa Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Costa and have acquired strong secondary meaning.

22. Costa is the owner of various trademarks under the Costa brand, including, but not limited to, the following United States Federal Trademark

Registrations (collectively, the "Costa Trademarks"), among others, which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 3,857,379 | COSTA | For: sunglasses and sunglass frames in class 9. |
| 3,273,228 | | For: sunglasses, sunglass frames, sunglass lenses in class 9. |
| 4,891,374 | 580 | For: sunglass lenses in class 9. |

23. Costa has long been manufacturing and selling eyewear in interstate commerce under the Costa Trademarks. These registrations are valid and subsisting.

24. The registration of the Costa Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Costa's exclusive right to use the Costa Trademarks in connection with the goods identified therein and other commercial goods.

25. The registration of the Costa Trademarks also provides constructive notice to Defendants of Costa's ownership and exclusive rights in the Costa Trademarks.

26. The Costa Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and have been continuously used in interstate commerce and never abandoned.

**C. Defendants and the Xtreme Sales Retail Operation.**

27. Upon information and belief, Cheatwood owns, operates, and controls a chain of retail close-out stores operating under the "Xtreme Sales" trade name. The Xtreme Sales Stores promote themselves as offering close-out merchandise from department stores and other sources, offering everything from food to furniture to apparel and accessories.

28. The Xtreme Sales Stores are operated at the following locations: (a) 302 North Main Street, Cedartown, Georgia 30125; (b) 3222 McClellan Boulevard, Anniston, Alabama 36201; (c) 1822 Highway 78 East, Oxford, Alabama 36203; (d) 1110 Pelham Road, Jacksonville, Alabama 36265; and (e) 631 Southern Avenue, Piedmont, Alabama 36272.

29. The Xtreme Sales Stores are commonly owned, controlled, and operated by Cheatwood. Each of the Cedartown, Anniston, Oxford, and Jacksonville locations uses the same contact email address in connection with its business and Facebook advertising, and the locations use closely related telephone numbers, reflecting their common ownership and control by Cheatwood.

30. Cheatwood is the owner, officer, manager, and moving force behind the operation of each of the Xtreme Sales Stores and directly authorized, directed, approved, and participated in the advertisement, offer for sale, and sale of the Counterfeit Merchandise alleged herein.

**D. Defendants' Infringing Activities.**

31. On June 23, 2026, Plaintiffs' investigator visited the Xtreme Sales Store located at 1822 Hwy. 78 East, Oxford, Alabama 36203. During that visit, the investigator observed a large volume of Ray-Ban and Costa branded sunglasses displayed and being offered for sale behind the cash register, each bearing a price sticker of $29.99 per pair. A photograph of the Ray-Ban and Costa branded sunglasses and accessories being offered for sale on that day are depicted below:



32. On June 25, 2026, Plaintiffs' investigator visited the Xtreme Sales Store located at 302 North Main Street, Cedartown, Georgia 30125. During that visit, the investigator observed a large volume of Ray-Ban and Costa branded sunglasses displayed for sale behind the cash register, estimated at eight to ten (8–10) pairs of Ray-Ban sunglasses and eighteen to twenty (18–20) pairs of Costa sunglasses, each bearing a price sticker of $29.99 per pair. A photograph of the Ray-Ban and Costa branded sunglasses and accessories being offered for sale on that day are depicted below:



33. During that visit, Defendants sold Plaintiffs' investigator two (2) pairs of Ray-Ban branded sunglasses (one Ray-Ban RB2140 "Wayfarer" Black/Blue and one Ray-Ban RB2140 "Wayfarer" Black/Orange) and one (1) pair of Costa branded sunglasses (Costa "Tuna Alley" Black/Black), at a price of $29.99 per pair.

Photographs of the sunglasses purchased on June 25, 2026 being offered for sale and sold on that day, are depicted below:

















Xtreme Recycling -
Cedartown
302 North Main Street
CEDARTOWN GA 30125
678-988-5210

06/25/2026 10:06
Sale
Trans:5 Batch:588
MASTERCARD TAP
************6429 **/**
AMOUNT: $100.07
Resp: APPROVAL 03072Z
Code: 03072Z
Ref#: 617614002923
App Name: Mastercard
AID: A0000000041010
TVR: 0000008001

Cardholder acknowledges
receipt of goods and
obligations set forth
by the cardholder's
agreement with issuer.

CUSTOMER COPY
Thank You
Powered By ValorPay(v1.3.52)

34. Also on June 25, 2026, Plaintiffs' investigator visited the Xtreme Sales Store located at 3222 McClellan Boulevard, Anniston, Alabama 36201. The store's sales associate advised the investigator that the Ray-Ban sunglasses were priced at $29.99 and that the store's Ray-Ban and Costa sunglasses had largely sold out, suggesting the investigator "check the Cedartown store." During that visit,

Defendants sold Plaintiffs' investigator one (1) pair of Ray-Ban branded sunglasses (Ray-Ban RB2140 "Wayfarer" Black/Blue) for $29.99. Photographs depicting the Ray-Ban branded sunglasses offered for sale and sold on that day are depicted below:











Xtreme Sales

3222 McClellan Blvd
Anniston, AL
36201-2124
(256) 403-2563

June 25, 2026
10:39 AM

IN STORE

Receipt: JQgP
Authorization: 003933

US Debit
AID A0 00 00 00 04 22 03

| | |
|---|---|
| General Inventory | $29.99 |
| Credit processing fee | $1.16 |
| Subtotal | $31.15 |
| tax (10%) | $3.00 |
| Total | $34.15 |
| Mastercard 6199 (Contactless) | $34.15 |

35. Plaintiffs subsequently inspected the photographs of the items being offered for sale, as well as the items sold by Defendants and determined that the Ray-Ban and Costa Trademarks affixed to the sunglasses and accessories are either

incorrect or inconsistent with the Ray-Ban and Costa Trademarks found on similar products bearing authentic Ray-Ban and Costa Trademarks.

36. Plaintiffs also determined that the items purchased from Defendants infringed one or more of their respective Ray-Ban and Costa Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from, one or more of the Ray-Ban and Costa Trademarks.

37. Plaintiffs did not manufacture, and did not authorize anyone to manufacture, any of the counterfeit Ray-Ban or Costa trademarked products that were advertised, offered for sale, or sold by Defendants as identified herein.

38. Defendants do not have a license, authority, or other permission from Plaintiffs to use their respective Ray-Ban or Costa Trademarks in connection with the advertising, promoting, offering for sale, or sale of the Counterfeit Merchandise.

39. Each of Defendants' actions, as described above, constitutes direct and willful trademark infringement in violation of the Lanham Act.

40. Defendants' actions, as described above, are intended to cause confusion or mistake, and to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Costa.

41. Defendants' actions, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there

is a connection or association between the Counterfeit Merchandise and Ray-Ban and Costa.

42. Defendants are aware of the extraordinary fame and strength of the Ray-Ban and Costa brands, the Ray-Ban and Costa Trademarks, and the incalculable goodwill associated therewith.

43. Defendants' knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to Plaintiffs' goodwill and reputations. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Costa Trademarks.

44. Plaintiffs seek damages as a result of Defendants' knowing, deliberate, and willful disregard of the activities infringing the Ray-Ban and Costa Trademarks.

**COUNT I**
**(Trademark Infringement – 15 U.S.C. § 1114)**

45. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 44 above as if fully set forth herein.

46. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of reproductions of marks that are identical with,

or substantially indistinguishable from, one or more of the Ray-Ban and Costa Trademarks.

47. Defendants have promoted, advertised, offered for sale, and sold products bearing counterfeits of one or more of the Ray-Ban and Costa Trademarks without Plaintiffs' permission and without any compensation to Plaintiffs.

48. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and/or sold by Defendants are authentic or authorized products of Luxottica Group and Costa.

49. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group, and Costa.

50. Defendants have directly and willfully infringed the Ray-Ban and Costa Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Luxottica Group S.p.A. and Costa Del Mar, Inc. respectfully request that this Court enter judgment in their favor and against

Defendants Robin Cheatwood, individually and d/b/a Xtreme Sales, and Xtreme Recycling, LLC, jointly and severally, as follows:

A. Finding that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B. Awarding Plaintiffs statutory damages for willful trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c)); and

C. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury on all issues so triable.

Dated: July 27, 2026

*/s/Joshua D. Curry*
Joshua D. Curry
Georgia Bar No. 117378
Josh.Curry@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
Ph: 404.348.8585
Fax: 404.467.8845

-and-

David B. Rosemberg
Fla. Bar No. 0582239
*(pro hac vice forthcoming)*
David@rosenberglaw.com
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225

*Counsel for Plaintiffs Luxottica Group S.p.A. and Costa Del Mar, Inc.*

**CERTIFICATION OF COMPLIANCE**

Pursuant to L.R. 7.1(D), N.D. Ga., counsel for Plaintiffs hereby certifies that this Motion has been prepared with one of the font and point selections approved by the Court in L.R. 5.1, N.D. Ga.

Dated: July 27, 2026 *<u>/s/Joshua D. Curry</u>*